

F I L E D

AUG  4 2010

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### (ALEXANDRIA DIVISION)

| | |
|---|---|
| LUMENIS, INC.,<br>5302 Betsy Ross Drive<br>Santa Clara, CA 95054<br><br>            Plaintiff<br><br>        v.<br><br>CAMBRIDGE SYSTEMS, INC.,<br><br>SERVE:  Madhavi Doki, Registered Agent<br>            14150 Newbrook Drive<br>            Suite 250<br>            Chantilly, Virginia 20151<br><br>            Defendant,<br><br>        and<br><br>BANK HAPOALIM, B.M.<br>1177 Ave of the Americas # 14<br>New York, NY 10036-2714<br><br>SERVE:  Ayelete Koren, Authorized Agent<br>            1177 Avenue of the Americas FL 14,<br>            New York, New York 10036<br><br>            Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: _1:10 cv 865 6-GC/TRJ_ |

## COMPLAINT

Plaintiff, Lumenis, Inc., by and through its undersigned counsel, files its

complaint against the Defendants, Cambridge Systems, Inc., and Bank Hapoalim, B.M.,

and hereby alleges as follows:

### Parties

1.      Lumenis, Inc. ("Lumenis") is a Massachusetts corporation with its

principal offices located at 5302 Betsy Ross Drive, Santa Clara, CA 95054.

2.     Cambridge Systems, Inc. ("CSI") is a Virginia Corporation with its principal offices located at 14155 Newbrook Drive, Suite 300, Chantilly, Virginia 20151.

3.     Bank Hapoalim, B.M. ("Bank Hapoalim") is an Israeli financial institution conducting business in New York, with its principal offices located at 1177 Ave of the Americas # 14, New York, NY 10036-2714.

### Jurisdiction and Venue

4.     This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332(a) in that the present case arises out of a controversy involving citizens of different states, involving an amount greater than the sum of $75,000.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events giving rise to this cause of action arose out of CSI's transaction of business in Loudoun County, Virginia.

### Facts Common to All Counts

6.     Lumenis is engaged in the business of manufacture and sale of laser and light-based devices for medical, ophthalmic and aesthetic markets worldwide.

7.     On or about June 4, 2008, Lumenis and CSI entered into a reseller agreement by which CSI would purchase and re-sell Lumenis products to the U.S. Federal Government and various branches.  The agreement was amended pursuant to written amendments dated June 2, 2009 and September 16, 2009, respectively.  A copy of the reseller agreement and two amendments thereto are attached and incorporated herein by reference as Exhibits 1, 2, and 3, respectively (hereafter referred to as "Reseller Agreement").

8.     Pursuant to and in connection the Reseller Agreement, CSI was required

to instruct customers to make payments into a bank account with Bank Hapoalim, B.M ("Account"). Ownership and control of the Account are set forth in a deposit account control agreement dated June 4, 2008, which is attached and incorporated herein by reference as Exhibit 4 (hereafter "Deposit Account Control Agreement").

9. Also pursuant to and in connection with the Reseller Agreement, CSI executed a security agreement dated June 4, 2008, by which it granted to Lumenis a security interest in all inventory, proceeds and accounts receivable from the sale of Lumenis Products pursuant to the Reseller Agreement, as well as in the Account. The security agreement is attached and incorporated herein by reference as Exhibit 5 (hereafter "Security Agreement").

10. Upon information and belief, the Account contains approximately $70,000 paid from customers for Lumenis products sold by CSI in accordance with the Reseller Agreement.

## COUNT I – BREACH OF CONTRACT

11. Lumenis hereby realleges and incorporates Paragraphs 1 through 10.

12. CSI has failed to remit to Lumenis funds in the amount of $623,958 due and owing under the Reseller Agreement in connection with the sale of Lumenis products purchased by CSI for resale. CSI's failure to remit these funds to Lumenis constitutes a breach of the Reseller Agreement by CSI.

13. As a result of CSI's breach of contract, Lumenis has been damaged in an amount to be determined by the trier of fact.

## COUNT II – DECLARATORY JUDGMENT AND FURTHER RELIEF

14. Lumenis hereby realleges and incorporates Paragraphs 1 through 13.

15. Chapter 28, Section 2201 of the United States Code grants this Court the power to issue declaratory judgments in cases in controversy.

16. Under the Security Agreement, Lumenis has a security interest in the Account.

17. CSI is indebted to Lumenis in connection with the Reseller Agreement in the amount of $623,958.

18. Despite demand, CSI has refused to release the funds in the Account to Lumenis.

19. No offsets exist to the amounts owed by CSI to Lumenis.

20. An actual controversy exists between CSI and Lumenis as to which party is entitled to the funds in the Account.

21. Lumenis is entitled to declaratory judgment that as between Lumenis and CSI, Lumenis is entitled to the funds in the account.

22. Because Bank Hapoalim currently has control over the funds in the account, Bank Hapoalim is also joined as a nominal party.

23. Under the Deposit Account Control Agreement, Bank Hapoalim requires written consent from CSI in order to release the funds to Lumenis, except as otherwise required by law.

24. Chapter 28, Section 2202 of the United States Code also grants this Court the power to grant further necessary or proper relief based on a declaratory judgment or decree.

25. Should this Court grant declaratory judgment to Lumenis, it should also order CSI to provide satisfactory written consent to Bank Hapoalim for release of the

funds.

WHEREFORE: the Plaintiff, Lumenis, Inc., by the undersigned counsel, respectfully requests that this Court a) enter judgment against the Defendant, Cambridge Systems, Inc., in the amount of $623,958, plus pre and post-judgment interest under California Code of Civil Procedure Sections 3289 and 685.010, as well as court costs; b) enter declaratory judgment that Lumenis, Inc. is entitled to the funds in the Account as between Lumenis, Inc. and Cambridge Systems, Inc., and c) grant such further necessary and proper relief pursuant to 28 U.S.C. Section 2202, and d) grant such other relief that this Court deems to be just and proper.

Respectfully Submitted,

LUMENIS, INC.
By Counsel

William C. Groh, III
VA Bar No. 71039
Raighne C. Delaney
VA Bar No. 38787
Bean, Kinney & Korman, P.C.
2300 Wilson Blvd., Suite 700
Arlington, VA 22201
(703) 525-4000
Fax: (703) 525-2207
Wgroh@beankinney.com
Rdelaney@beankinney.com
Counsel for Plaintiff Lumenis, Inc.