IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

LUMENIS, INC.,                )
                              )
        Plaintiff,            )
                              )
    v.                        ) Case No. 1:10cv865
                              )
CAMBRIDGE SYSTEMS, INC.,      )
et al.,                       )
                              )
        Defendants.           )

FILED MAR 15 2011 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM ORDER

THIS MATTER is before the Court on the January 3, 2011 Report and Recommendation of Magistrate Judge Thomas R. Jones, Jr., regarding Plaintiff Lumenis, Inc.'s Motion for Default Judgment against Defendant Cambridge Systems, Inc. (Dkt. No. 18.) This case concerns Plaintiff Lumenis Inc.'s ("Lumenis") claim for breach of contract and request for declaratory judgment in connection with Defendant Cambridge Systems' Inc.'s ("CSI") alleged failure to remit payments required under a reseller agreement between Lumenis and CSI, which payment is being held in an account at Bank Hapoalim, B.M ("Bank Hapoalim").

On or about June 4, 2008, Plaintiff Lumenis and Defendant CSI entered into a reseller agreement ("Reseller Agreement"), which was amended on June 2, 2009 and again on September 16, 2009. Pursuant to the terms of the Reseller Agreement, CSI was to purchase and resell

1

Plaintiff's products to the federal government. Initially, CSI was to instruct customers to make payments into a bank account with Bank Hapoalim (the "Account"). However, the amended agreement of June 2, 2009 required CSI to remit payment directly to Plaintiff.

In connection with the Reseller Agreement, Plaintiff Lumenis and Defendant CSI also entered into two other agreements. First, they entered into a deposit account control agreement dated June 4, 2008 ("Deposit Account Control Agreement") that set forth the terms of ownership and control of the Account. Second, also on June 4, 2008, they executed a security agreement ("Security Agreement"), which granted to Plaintiff Lumenis a security interest in all inventory, proceeds, and accounts receivable from the sale of Lumenis Products pursuant to the Reseller Agreement, including funds in the Account.

Over the course of the contract, Defendant CSI purchased products from Plaintiff but failed to pay Plaintiff the full amount invoiced. Accordingly, on August 4, 2010, Plaintiff filed its Complaint in this action, asserting a claim for breach of contract and requesting declaratory judgment against Defendant CSI that (1) Plaintiff is entitled to the funds held at Bank Hapoalim, and (2) Defendant CSI must provide satisfactory written consent to Bank Hapoalim for release of the funds to Plaintiff. On September 8, 2010, the Commonwealth of Virginia State Corporation Commission filed a Certificate of Compliance, confirming that (1) process had

been served on it, as statutory agent for Defendant CSI, pursuant to sections 12.1-19.1 and 8.01-306 of the Code of Virginia, and (2) a copy of process was mailed on September 6, 2010, via First Class mail to Defendant CSI in McLean Virginia. (Dkt. No. 4.)

Defendant has not responded to the Complaint. Federal Rule of Civil Procedure 55 allows this Court to grant a motion for default judgment where a party has failed to plead or defend against a claim. Fed. R. Civ. P. 55. On October 14, 2010, Plaintiff filed a Request for Entry of Default as to Defendant CSI with the Clerk's Office. (Dkt. No. 12.) The Clerk entered default on October 15, 2010. (Dkt. No. 13.)

On December 2, 2010, Plaintiff filed a Motion for Default Judgment as to Defendant CSI. (Dkt. No. 14.) As to Count I, Plaintiff requests that the Court enter judgment against Defendant CSI in an amount of $375,998.57, plus pre-judgment interest in the amount of $33,211.60, as provided under Section 3289 of the California Civil Code; post-judgment interest in the amount of 10% per annum as provided under Section 685.010 of the California Code of Civil Procedure; and Court costs in the amount of $350. (Pl.'s Mot. for Entry of Default J. at 1-2.) As to Count II, Plaintiff requests that the Court enter Declaratory Judgment, declaring that (1) Plaintiff is entitled to funds in the Account, subject to Bank Hapoalim's claim for attorney's fees in the amount of $5,942.00, and (2) Bank Hapoalim shall disburse the remaining funds in the account

to Plaintiff either in the amount of $409,560.17 or in the amount remaining, whichever is less. (*Id.*) A hearing on Plaintiff's Motion for Default Judgment was held on December 17, 2010. (Dkt. Nos. 17.) Defendant CSI failed to appear at the hearing.

Federal Rule of Civil Procedure 72(b) provides that a magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. Fed. R. Civ. P. 72(b). A party must serve any objections to the magistrate judge's recommendation within fourteen (14) days of being served with a copy of the order. *Id.* The district judge to whom a case is assigned should make a *de novo* determination on the record, or receive additional evidence, on any portion of the magistrate judge's disposition to which a party has made a specific written objection. *Id.*

Magistrate Judge Jones recommends the following findings. First, that (1) Plaintiff and CSI entered into an agreement requiring CSI to remit payment to Plaintiff for amounts invoiced; (2) Plaintiff properly invoiced CSI; (3) CSI did not make full and timely payment on all amounts invoiced; and (4) the total outstanding invoice amount is $375,998.57. Second, in the absence of a stipulated rate of pre-judgment interest, the 10% rate of pre-judgment interest under California law applies because the Reseller Agreement contains a choice of law provision, stating that California law governs the parties' rights and responsibilities. Applying this rate, as of

December 2, 2010, the pre-judgment interest has accrued to an amount of $33,211.60. Third, the parties did not contract as to post-judgment interest, so Defendant CSI's obligation accrues at the rate specified in 28 U.S.C. § 1961(a). Fourth, Defendant CSI granted Plaintiff a security interest in the funds held in the Account. By failing to pay Plaintiff as required under the Reseller Agreement, Defendant CSI defaulted as defined in the Security Agreement. Plaintiff Lumenis, a secured party under Article 9 of the Uniform Commercial Code, as enacted by the State of California, is entitled to exercise Defendant CSI's rights with respect to the funds in the Account, including consenting to the release of funds.

Based on these proposed findings, Magistrate Judge Jones recommends that a default judgment be entered in favor of Plaintiff Lumenis and against Defendant CSI in the amount of $375,998.57, plus pre-judgment interest of $33,211.60, which will continue to accrue at a rate of 10% per annum from December 2, 2010 until entry of judgment; and post-judgment interest accruing at the rate specified in 28 U.S.C. § 1961(a). Magistrate Judge Jones further recommends the entry of a judgment declaring that Plaintiff Lumenis is entitled to exercise Defendant CSI's rights with respect to the funds in the Account, including the right to consent to the release of funds.

Neither party filed objections within fourteen (14) days after being served with the magistrate judge's recommendation.

Therefore, the Court adopts Magistrate Judge Jones' Report and Recommendation *in toto*. Accordingly, it is hereby

ORDERED that default judgment is GRANTED in favor of Plaintiff Lumenis, Inc. and against Defendant Cambridge Systems, Inc. in the amount of $375,998.57, plus pre-judgment interest of $33,211.60, which will continue to accrue at a rate of 10% per annum from December 2, 2010 until entry of judgment; post-judgment interest accruing at the rate specified in 28 U.S.C. § 1961(a); and court costs in the amount of $350.00. It is further

ORDERED and DECLARED that Plaintiff is entitled to exercise Defendant CSI's rights with respect to the funds in the Bank Hapoalim account, including the right to consent to the release of funds pursuant to Section 2 of the Deposit Account Control Agreement.

The Clerk is directed to enter judgment in favor of Plaintiff Lumenis, Inc. and against Defendant Cambridge Systems, Inc. pursuant to Federal Rule of Civil Procedure 58. A separate Rule 58 Judgment Order will be entered with the Memorandum Opinion.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 15th day of March, 2011.

Alexandria, Virginia
3/15/2011

/s/
Gerald Bruce Lee
United States District Judge